**Luis ADORNO COLON,
et al., Plaintiffs,**

v.

**Pedro TOLEDO DAVILA,
et al., Defendants.**

**No. CIV 00–1101 HL.**

United States District Court,
D. Puerto Rico.

March 22, 2001.

Dennis A. Simonpietri–Monefeld, Guaynabo, PR, Ulpiano Falcon–Matos, Hato Rey, PR, for plaintiffs.

Jo–Ann Estades–Boyer, Department of Justice of PR, Federal Litigation Division, Lynn M. Doble–Salicrup, Schuster Usera Aguilo & Santiago, San Juan, PR, for defendants.

## OPINION AND ORDER

LAFFITTE, Chief Judge.

Before the Court is a 12(b)(6) motion to dismiss for failure to state a claim filed by Defendants Pedro Toledo Davila ("Toledo"), Julio Torres Lopez ("Torres"), Wilfredo Lozada Figueroa ("Lozada"), Edgardo P. Deming ("Deming"), Felipe Ramirez Ortiz ("Ramirez"), Adalberto Mercado Cuevas ("Mercado"), Pedro Juan Sanchez Vega ("Sanchez"), Julio E. Alvarado Marrero ("Alvarado"), and Jorge Martinez Caez ("Martinez") in this action for damages pursuant to 42 U.S.C.A. § 1983 (West

Supp.2000). Defendants argue that they were not personally involved in the events that spawned this case, namely the beating of Plaintiffs Luis Adorno Colon and Luis Adorno Pagan, and that they were not acting under color of state law.

## DISCUSSION

■ In ruling on a Rule 12(b)(6) motion to dismiss, a court must accept all well-pled factual averments as true and must draw all reasonable inferences in the plaintiff's favor. *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit,* 507 U.S. 163, 164, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993); *Carparts Distribution Ctr., Inc. v. Automotive Wholesaler's Ass'n,* 37 F.3d 12, 14 (1st Cir.1994). A court should not dismiss a complaint for failure to state a claim unless it is clear that the plaintiff will be unable to prove any set of facts which would entitle him to recovery. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Miranda v. Ponce Federal Bank,* 948 F.2d 41, 44 (1st Cir.1991). This deferential standard is not a "toothless tiger." *Doyle v. Hasbro, Inc.,* 103 F.3d 186, 190 (1st Cir.1996). The court is not obliged to accept "bald assertions, unsupportable conclusions, periphrastic circum-

locutions, and the like." *Aulson v. Blanchard,* 83 F.3d 1, 3 (1st Cir.1996).[1]

### 1. Personal Involvement

Defendants argue that none of them were personally involved in the events of this case. The Court shall thus address the complaint's allegations as to each Defendant to determine whether, taking Plaintiff's allegations as true, Plaintiff's have properly alleged Defendants' personal involvement.

■ Plaintiffs' allegations against former Superintendent of the Puerto Rico Police Department Pedro Toledo are based on a theory of supervisory liability, including a failure to adequately train, screen, supervise, and discipline lower-level members of the police force. In a claim brought pursuant to § 1983, the defendant's conduct must have deprived the plaintiff of his rights under the Constitution or laws of the United States. *Martinez v. Colon,* 54 F.3d 980, 984 (1st Cir. 1995), *cert. denied,* 516 U.S. 987, 116 S.Ct. 515, 133 L.Ed.2d 423 (1995); *Voutour v. Vitale,* 761 F.2d 812, 819 (1st Cir.1985), *cert. denied,* 474 U.S. 1100, 106 S.Ct. 879, 88 L.Ed.2d 916 (1986). There must have been a deprivation of a federally-protected

---

1. In the past, the First Circuit had required that § 1983 claims meet a heightened level of specificity to survive a Rule 12(b)(6) motion. *See, e.g., The Dartmouth Review v. Dartmouth College,* 889 F.2d 13, 16 (1st Cir.1989). The Supreme Court in *Leatherman,* however, rejected a heightened pleading standard for § 1983 claims, at least for claims against municipalities. *See* 507 U.S. at 167–69, 113 S.Ct. 1160. In the wake of *Leatherman,* it was unclear whether the stricter standard of *Dartmouth Review* was still applicable to any § 1983 claims.

The First Circuit recently clarified that the heightened pleading standard of *Dartmouth Review* is still viable, at least in § 1983 cases where an improper motive by the state actor was an essential element of the plaintiff's

claim. *See Judge v. City of Lowell,* 160 F.3d 67, 74–75 (1st Cir.1998). Such cases would include claims of race and gender discrimination under the Equal Protection Clause; cruel and unusual punishment under the Eighth Amendment; adverse employment actions based on political affiliation under the First Amendment; and retaliation for exercising free speech or some other constitutional right. *See Crawford–El v. Britton,* 523 U.S. 574, 585, 118 S.Ct. 1584, 140 L.Ed.2d 759 (1998).

In the present case, none of Plaintiffs' claims are of the kind where a state actor's improper motive is an essential element. Therefore, the Court will not apply the heightened pleading standard in ruling on their motion to dismiss.

right, and the defendant's conduct must have caused the deprivation. *Gutierrez–Rodriguez v. Cartagena,* 882 F.2d 553, 559 (1st Cir.1989); *Voutour,* 761 F.2d at 819; *Soto v. Carrasquillo,* 878 F.Supp. 324, 327 (D.P.R.1995), *aff'd sub nom. Soto v. Flores,* 103 F.3d 1056 (1st Cir.1997), *cert. denied,* 522 U.S. 819, 118 S.Ct. 71, 139 L.Ed.2d 32 (1997). Under § 1983, a supervisor may not be liable based upon a theory of *respondeat superior. Monell v. Dep't of Social Services of New York,* 436 U.S. 658, 694 n. 58, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Gutierrez–Rodriguez,* 882 F.2d at 562. For a supervisor to be liable a plaintiff must show that (i) the supervisor's acts or omissions have deprived the plaintiffs of their protected rights; (ii) the supervisor's action or inaction amounted to callous indifference or gross negligence with regard to the constitutional rights of others; and (iii) the supervisor's action or inaction must be affirmatively linked to the street-level misconduct. *Gutierrez–Rodriguez,* 882 F.2d at 562; *Roman Figueroa v. Torres Molina,* 754 F.Supp. 239, 241–42 (D.P.R.1990). A predicate act to supervisory liability is that the subordinate must have committed a constitutional violation. *Seekamp v. Michaud,* 109 F.3d 802, 808 (1st Cir.1997); *Lipsett v. Univ. of Puerto Rico,* 864 F.2d 881, 902 (1st Cir.1988).

■ A supervisor displays reckless or callous indifference "when it would be manifest to any reasonable official that his conduct was very likely to violate an individual's constitutional rights." *Germany v. Vance,* 868 F.2d 9, 18 (1st Cir.1989). A supervisor's failure to identify and take remedial action concerning an officer with disciplinary problems can create supervisory liability pursuant to § 1983. *See Gutierrez–Rodriguez,* 882 F.2d at 562–66; *Martinez Correa v. Lopez Feliciano,* 759 F.Supp. 947, 955–57 (D.P.R.1991). A key factor in determining whether a supervisor

is liable is what knowledge the supervisor had regarding the subordinate's behavior. *Febus–Rodriguez v. Betancourt–Lebron,* 14 F.3d 87, 93 (1st Cir.1994). Moreover, a supervisor without actual knowledge may be liable if he would have known of injurious conduct but for his "willful blindness" or deliberate indifference. *Maldonado–Denis v. Castillo–Rodriguez,* 23 F.3d 576, 582 (1st Cir.1994).

■ In the present case, with regard to Toledo, the complaint sets forth that all or some of the drug agents involved in the incident in question were improperly selected and enlisted to the ranks of the police force; were improperly trained to act as drug undercover agents; had a poor psychological profile and social history and background; with an emotional inclination to violence and disrespect to [sic] authority, attitudes that were fostered, condoned, tolerated and encouraged by their superiors under the wrongful belief that these traits were valuable for their work as drugs [sic] undercover agents, which superiors and supervisors also had actual or constructive knowledge of previous incidents of violence and wrongful conduct from their part toward public officers and/or private parties.

The complaint goes on to specify that Toledo

expressly or tacitly authorized and ratified the wrongful acts of the other individual defendants, whose wrongful conduct was the result of policies, practices and customs of the P.R.P.D. fostering and condoning the use of excessive force and intimidation against the citizenry. Furthermore, the plaintiffs' constitutional rights were violated as a proximate result of the aforementioned defendants' deliberate indifference in the selection, training and supervision of police officers, particularly drug undercover

agents, by: a) Failing to conduct adequate investigations of reported police officer's [*sic*] misconduct and to maintain an organized and effective system for reporting and investigating incidents of alleged police officer's [*sic*] brutality and abuse. b) Acting to conceal or cover-up [*sic*] police culpability or wrong doing [*sic*] under the guise of protecting ongoing drug investigations, as they did in this case with regard to co-defendants Tomas Negron Hernandez and Iris Perez Vaquer, active participants in the brutal beating of the plaintiffs. c) Improperly training police officers, particularly the drug agents involved in the events in the case, especially in the proper handling of situations where use of excessive or unreasonable force by police officers could reasonably be expected to occur.

These allegations, taken as true, could give rise to Toledo's supervisory liability. Thus, for purposes of the present 12(b)(6) motion, Plaintiffs' allegations are sufficient to allow the claims against Toledo to proceed.

As to Mercado, the Chief of the Drugs and Narcotics Division of the Puerto Rico Police Department, Plaintiff makes similar allegations of deliberate indifference. Taken as true, these allegations are sufficient to support the claims against Mercado. The same goes for Defendants Alvarado, Director of the Drugs and Narcotics Division at Caguas, and Sanchez, Assistant Director of the Drugs and Narcotics Division at Caguas. Defendants Torres, Ramirez, and Martinez are Supervisors of the Drug and Narcotics agents who allegedly participated in the beating of Plaintiffs and are the objects of similar allegations as Toledo, Mercado, Alvarado, and Sanchez. Thus, the claims against them survive.

Finally, Defendants Deming and Lozada are alleged to have actively participated in the beating of Plaintiffs and the cover-up of the beating. Clearly, this is a sufficient allegation of personal involvement.

## 2. State Action

██ Defendants also claim that they were not acting under color of state law. The question of whether and when a police officer's misconduct constitutes state action for purposes of § 1983 is a fact-intensive one that must be examined on a case-by-case basis. It is also one that has been the subject of much discussion by the First Circuit recently. *See, e.g., Zambrana–Marrero v. Suarez–Cruz,* 172 F.3d 122, 125–29 (1st Cir.1999); *Barreto–Rivera v. Medina–Vargas,* 168 F.3d 42, 45–48 (1st Cir.1999); *Parrilla–Burgos v. Hernandez–Rivera,* 108 F.3d 445, 448–51 (1st Cir. 1997); *Martinez v. Colon,* 54 F.3d 980, 986–89 (1st Cir.1995), *cert. denied,* 516 U.S. 987, 116 S.Ct. 515, 133 L.Ed.2d 423 (1995).

██ In *Zambrana–Marrero,* the First Circuit set out in considerable detail the touchstones for determining whether a police officer's actions were taken under color of state law. The Court held that "[i]n distinguishing private action from state action, the general inquiry is whether 'a state actor's conduct occurs in the course of performing an actual or apparent duty of his office, or ... is such that the actor could not have behaved in that way but for the authority of his office.'" *Zambrana–Marrero,* 172 F.3d at 125 (quoting *Martinez,* 54 F.3d at 986). The Court went on to point out that

[n]o single, easily determinable factor will control whether a police officer was acting under state law. While certain factors will certainly be relevant—for example, a police officer's garb, an officer's duty status, the officer's use of a service revolver, and the location of the incident—these factors must not be assessed mechanically.... Resolving the

under color of law question therefore requires an assessment of the totality of the circumstances, in which we must consider both the nature and circumstances of the officer's conduct and the relationship of that conduct to the performance of his official duties.

*Id.* (internal quotations omitted). To hone the point, the Court added that "[a]n officer who abuses or exceeds his recognized authority may be acting under color of law if, 'at the time in question, [he] purposes to act in an official capacity or to exercise official responsibilities pursuant to state law.'" *Id.* at 126 (quoting *Martinez*, 54 F.3d at 986). Finally, the Court stated that the actions taken by an officer are taken under color of state law if they "related in some meaningful way either to the officer's governmental status or to the performance of his duties." *Id.* (quoting *Martinez*, 54 F.3d at 987).

In the instant case, the complaint alleges that during the beating one or more of the officers waved their identification and badges; were carrying their firearms; informed Plaintiff Maribel Rosa Vallejo ("Vallejo") that they were drug agents and "had the case under control;" told Vallejo that they were going to file criminal charges against Plaintiffs Luis Adorno Colon ("Adorno Colon") and Luis Adorno Pagan ("Adorno Pagan"); threatened Vallejo with criminal charges of obstruction of justice; arrested, handcuffed, and transported to the state police station Adorno Colon and Adorno Pagan; and jailed Adorno Pagan for two and one-half hours. Further, as to the officers directly involved and their Defendant superiors, the complaint alleges that they "acted and conspired together in order to cover up the true facts and events surrounding their unconstitutional conduct, and this was accomplished by the creation of false and intentionally misleading reports with re-

gard to the aforementioned incident." Finally, the complaint makes allegations of failure to train, screen, and supervise by the officers' superiors. These factual allegations, taken as true, easily clear the hurdle for alleging state action.

WHEREFORE, Defendants' motion to dismiss, Dkt. No. 50, is hereby denied. Defendants' shall answer the complaint by April 13, 2001.

**IT IS SO ORDERED.**