Rafael GARCIA SANCHEZ, et als., Plaintiff,

v.

Jose R. ROMAN ABREU, et als., Defendants.

Civil No. 01–1543(JAG).

United States District Court, D. Puerto Rico.

July 10, 2003.

Pablo Landrau–Pirazzi, Ivan M. Castro–Ortiz, Eliezer Aldarondo–Ortiz, Claudio Aliff–Ortiz, Alice M. Velazquez, Aldarondo & Lopez Bras, Hato Rey, PR, for plaintiffs.

Yldefonso Lopez–Morales, Jose J. Sanchez–Velez, O'Neill & Borges, Jose A. Santiago–Rivera, Rafael A. Robles–Diaz, Maria L. Santiago–De–Vidal, Francisco L. Acevedo–Nogueras, San Juan, PR, Ismael Rodriguez–Izquierdo, Santurce, PR, for defendants.

## OPINION AND ORDER

GARCIA–GREGORY, District Judge.

Plaintiffs, all present or former employees of the Municipality of San Lorenzo, brought suit pursuant to 42 U.S.C. § 1983 and the First Amendment alleging that the Municipality, the Mayor, Jose R. Roman–Abreu ("Roman") and the Director of Public Works, Juan Norat ("Norat")(collectively "defendants"), discriminated against them on the basis of their political affiliation by demoting, terminating, or failing to renew their employments. On April 17, 2003, defendants filed a motion for partial summary judgment (Docket No. 143) seeking the dismissal of the claims by plaintiffs Rafael Garcia–Sanchez ("Garcia"), Melvin Diaz–Flores ("Diaz"), Harvey Lopez–Sanchez ("Lopez"), Jose Cruz–Pinero ("Cruz"), Enrique Rodriguez–Flores ("Rodriguez"), Felicita Gonzalez–Munoz ("Gonzalez"), Brenda Flores–Vega ("Flores"), Joselito Vazquez–Vazquez ("Vazquez"), Reinaldo Maldonado del Valle ("Maldonado"), and Santos De Jesus–Rivas ("De Jesus")(collectively "plaintiffs"). Plaintiffs were transitory employees of the Municipality under Law 52.[1] They allege that the defendants failed to renew their contracts based on their political affiliation.

In addition, defendants seek the dismissal of the claims by co-plaintiff Ana E. Figueroa ("Figueroa"), who they allege was a trust employee such that her employment could be terminated at will. Defendant Norat also seeks the dismissal of all claims against him for lack of personal involvement as required under § 1983.

## SUMMARY JUDGMENT STANDARD

The standard for summary judgment is governed by Fed.R.Civ.P. 56. The court should grant summary judgment only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *see Santiago–Ramos v. Centennial P.R. Wireless Corp.*, 217

---

1. The motion for summary judgment also sought the dismissal of the claims by plaintiffs Elizabeth Pedraza Cruz, Maria de Lourdes Diaz–Diaz and Juan A. Cuadrado Garcia. The Court dismissed the claims by these plaintiffs for lack of prosecution on June 9, 2002 and entered partial judgment on that same date. (*See* Docket Nos. 155 & 156). Accordingly, the Court considers the motion only as respects the remaining ten plaintiffs.

F.3d 46, 52 (1st Cir.2000). The party moving for summary judgment bears the burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A contested fact is "material" when it has the potential to change the outcome of the case. *Vega–Rodriguez v. Puerto Rico Tel. Co.,* 110 F.3d 174, 178 (1st Cir.1997). An issue is genuine if a reasonable jury could resolve the dispute for the nonmoving party. *Cortés–Irizarry v. Corporación Insular,* 111 F.3d 184, 187 (1st Cir.1997); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

In order to defeat a motion for summary judgment, the party opposing the motion must "present definite, competent evidence to rebut the motion." *Maldonado–Denis v. Castillo–Rodriguez,* 23 F.3d 576, 581 (1st Cir.1994). The non-moving party must show that a trial-worthy issue exists and must point to specific facts that demonstrate the existence of an authentic dispute. *Mesnick v. General Elec. Co.,* 950 F.2d 816, 822 (1st Cir.1991). "The mere existence of a scintilla of evidence is insufficient to defeat a properly supported motion for summary judgment." *Anderson,* 477 U.S. at 252, 106 S.Ct. 2505. Furthermore, the Court "must view the entire record in the light most hospitable to the party opposing summary judgment, indulging all reasonable inferences in that party's favor." *Griggs–Ryan v. Smith,* 904 F.2d 112, 115 (1st Cir.1990). Nonetheless, the Court must never "weigh the evidence and determine the truth of the matter," *Lipsett v. University of P.R.,* 864 F.2d 881, 895 (1st Cir.1988) (quoting *Anderson,* 477 U.S. at 249, 106 S.Ct. 2505), and "[n]o credibility assessment may be resolved in favor of the party seeking summary judgment." *Woodman v. Haemonetics Corp.,* 51 F.3d 1087, 1091 (1st Cir.1995). The Court may safely ignore "conclusory allegations, improbable inferences, and un-supported speculation." *Medina–Munoz v. R.J. Reynolds Tobacco Co.,* 896 F.2d 5, 8 (1st Cir.1990). "If, after this canvassing of the material presented, the district court finds that some genuine factual issue remains in the case, whose resolution one way or another could affect its outcome, the court must deny the motion." *Lipsett,* 864 F.2d at 895.

## A. Local Rule 311.12

In order to aid the court in the daunting task of searching for genuine issues of material fact in the record, this district has adopted Local Rule 311.12. *See, e.g., Corrada Betances v. Sea–Land Service, Inc.,* 248 F.3d 40, 43–44 (1st Cir.2001); *Morales v. Orsleff's EFTF,* 246 F.3d 32, 33–35 (1st Cir.2001); *Ruiz Rivera v. Riley,* 209 F.3d 24, 27–28 (1st Cir.2000). This rule requires that a party moving for summary judgment submit, in support of its motion, "a separate, short concise statement of material facts as to which the moving party contends there is no genuine issue to be tried and the basis for such contention as to each material fact, properly supported by specific reference to the record." D.P.R.R. 311.12. The rule also provides that these facts shall be admitted "unless controverted by the statement served by the opposing party." *Id.*

█ Compliance with Rule 311.12 is critical, given that the Court will only consider the facts alleged in the parties' 311.12 statements when entertaining the movant's arguments. *See Rivera de Torres v. Telefonica de Puerto Rico,* 913 F.Supp. 81 (D.P.R.1995). Here, defendants properly submitted a statement of uncontested facts (*See* Docket No. 143). Plaintiffs, however, have blatantly ignored the mandates of Local Rule 311.12 stating they "deem it unnecessary to set forth their own statement of uncontested facts." The Court is confounded that plaintiffs

would not find it imperative to submit their own statement of contested facts in accordance to the local rule when the burden is on them to prove a political discrimination claim. Plaintiffs cannot dispense with the requirements of the rule by stating general objections to defendants' proposed facts.

Instead of filing their own statement of contested facts to preclude summary judgment, plaintiffs' filed a document entitled *Answer to defendants' statement of uncontested facts in support of their motion for summary judgment, and plaintiffs' statement of uncontested facts in support of their opposition thereto* (Docket No. 150). The same simply enumerates the defendants' facts and states plaintiff's accordance or disagreement thereto. Plaintiffs object to only twelve of the sixty-five statements of fact submitted by defendants, merely by stating that the evidence proffered by defendants, mostly deposition testimony, does not support the statement (*See* Docket No. 150 at ¶ 9, 17, 18, 22, 25, 26, 37, 39, 47, 63, 64, and 65). Plaintiffs, however, fail to make any references to the record or point out conflicting testimony. They rather allege, in a conclusory manner, that defendants are misstating the evidence.

■ The First Circuit has encouraged district courts to adopt anti-ferreting rules to warn parties opposing summary judgment that, to preclude judgment as a matter of law, they must identify factual issues buttressed by record citations. *Rivera Velez v. Puerto Rico Electric Power Authority,* 170 F.Supp.2d 158 (D.P.R.2001)(*citing Stepanischen v. Merchants Despatch Transp. Corp.,* 722 F.2d 922, 927 (1st Cir. 1983)). "The anti-ferret rules serves one crucial purpose. It lays out the material facts in dispute clearly for a district court that is swamped with an overwhelming number of civil and criminal dispositive motions." *Dominguez v. Eli Lilly and Co.,* 958 F.Supp. 721, 727 (D.P.R.1997).

■ Plaintiffs cannot expect the Court to "ferret through the record, read all the answers to interrogatories, study all the attached documents and carefully scrutinize all the depositions for lurking genuine issues of material fact." *Id.* It is well-established that "a list of facts with no specific references to the record is of no use to the Court." *Hogar Club Paraiso, Inc. v. Varela Llavona,* 208 F.R.D. 481, 482 (D.P.R.2002). "Forgiving plaintiff's noncompliance with the local rule would undercut out efforts over the years to enlist counsel as aides to the court." *Morales,* 246 F.3d at 35.

■ Plaintiffs have ignored Rule 311.12 at their own peril, *Hogar Club Paraiso,* 208 F.R.D. at 482 (*citing Rivera Velez,* 170 F.Supp.2d at 162), and their failure to comply can be grounds for judgment against them. *Nieves Ayala v. Johnson & Johnson,* 208 F.Supp.2d 195, 198 (D.P.R. 2002); *Morales,* 246 F.3d at 33; *Stepanischen,* 722 F.2d at 931. Accordingly, the Court hereby admits all the facts, submitted by defendants, which have been adequately supported by references to the record as follows.

## FACTUAL BACKGROUND

On November 7, 2000, following the general elections in Puerto Rico, the Popular Democratic Party ("PDP") candidate for Mayor of the Municipality of San Lorenzo, Jose R. Roman–Abreu ("Roman–Abreu") defeated incumbent Mayor, Victor Figueroa Orozco ("Figueroa–Orozco") who was affiliated to the New Progressive Party ("NPP"). On January 9, 2001, Roman–Abreu took office as Mayor of the Municipality of San Lorenzo.

Since the enactment of the Employment Opportunities Development Fund created

by Section 2 of Law No. 52 of August 9, 1991, 20 P.R. Laws Ann. 711(c) (hereinafter "Law 52"), the Municipality of San Lorenzo has applied for and been granted Law 52 funds to subsidize a number of municipal jobs. San Lorenzo employs a number of people in jobs funded through Law 52. Plaintiffs held Law 52 appointment as transitory employees whose contracts expired on either December 31, 2000 [2] (before co-defendant Roman–Abreu took office as Mayor) or on June 30, 2001.[3] At the time plaintiffs' contracts expired, the Municipality of San Lorenzo's proposal for Law 52 funds had not yet been approved.

Defendants have submitted and the Court has admitted a number of facts pertaining to each particular plaintiff which it is unnecessary to relate here. Suffice it to say that plaintiffs each held different positions within the Municipality and upon learning that their Law 52 contracts were not being renewed, they took diverse steps to request renewal ranging from signing eligibility rosters, to personally meeting with defendants, to calling the Municipality. Plaintiffs were all aware that their contracts were transitory in nature and that they were not automatically renewable. They concede that renewal was contingent on the approval of Law 52 funds but allege they expected their contracts to be renewed once the Law 52 funds were approved.

## DISCUSSION

### A. First Amendment

 It is well established that political patronage restrains core activities protected by the First Amendment, such as the freedom of belief and association. *Padilla–Garcia v. Rodriguez*, 212 F.3d 69, 74 (1st Cir.2000); *Berrios Cintron v. Cordero*, 976 F. Supp 110, 113 (D.P.R.1997). "The Supreme Court has held that the first amendment protects non policy makers from being drummed out of public service on the basis of their political affiliation or advocacy of ideas." *Correa–Martinez v. Arrillaga–Belendez*, 903 F.2d 49, 56 (1st Cir.1990) (*citing Branti v. Finkel*, 445 U.S. 507, 517, 100 S.Ct. 1287, 63 L.Ed.2d 574 (1980)); *Padilla–Garcia*, 212 F.3d at 74; *see also Rutan v. Republican Party of Illinois*, 497 U.S. 62, 75–76, 110 S.Ct. 2729, 111 L.Ed.2d 52 (1990). This protection extends to transitory employees whose terms have expired from politically based non renewals. *Cheveras Pacheco v. Rivera Gonzalez*, 809 F.2d 125, 127–28 (1st Cir.1987). In *Branti*, for example, the Court observed that "the lack of a reasonable expectation of continued employment is not sufficient to justify a dismissal based solely on an employee's private political beliefs." *Id* at 128 (*citing Branti*, 445 U.S. at 526 n. 6, 100 S.Ct. 1287). Accordingly, the First Circuit has held that the *Elrod–Branti* framework is applicable to an employee's right to retain his public employment without distinction as to whether the employee was discharged from a permanent position or simply failed to receive a new appointment. *Id.* at 128.

 A two part burden shifting framework is used to evaluate claims of political discrimination. *See Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977; *see also Padilla*, 212 F.3d at 74.

---

**2.** Six plaintiffs had Law 52 contracts that expired on December 31, 2000. They were Rafael Garcia–Sanchez, Melvin Diaz–Flores, Harvey Lopez Sanchez, Jose Cruz Pinero, Enrique Rodriguez Flores and Felicita Gonzalez–Munoz.

**3.** Four plaintiffs had contracts that expired on June 30, 2001. They were Brenda Flores–Vega, Joselito Vasquez–Vasquez, Reinaldo Maldonado del Valle, and Santos de Jesus Rivas.

First, a plaintiff must establish a *prima facie* case of political discrimination by producing sufficient direct or circumstantial evidence to raise the inference that his political affiliation was a substantial or motivating factor behind the challenged adverse employment action. *Padilla–Garcia,* 212 F.3d at 74; *Acevedo–Diaz v. Aponte,* 1 F.3d 62, 66 (1st Cir.1993); *Rivera–Cotto v. Rivera,* 38 F.3d 611, 614 (1st Cir.1994).

Evidence of a highly charged political environment coupled with the parties' competing political persuasions may be sufficient to show discriminatory animus, especially in an instance where a plaintiff was a conspicuous target for political discrimination. *Rodriguez–Rios v. Cordero,* 138 F.3d 22, 24 (1st Cir.1998); *Acevedo–Diaz,* 1 F.3d at 69. However, "merely juxtaposing a protected characteristic—someone else's politics—with the fact that plaintiff was treated unfairly is not enough to state a constitutional claim." *Correa–Martinez,* 903 F.2d at 58; *see also Rivera–Cotto,* 38 F.3d at 614 ("Without more, a non moving plaintiff-employee's unsupported and speculative assertions regarding political discrimination will not be enough to survive summary judgment"). What is required is a fact specific showing that a causal connection exists that links the adverse employment action to the plaintiff's politics. *Correa–Martinez,* 903 F.2d at 58. The plaintiff must raise a plausible inference that he was subjected to discrimination on the basis of his political views or affiliation. *Id.*

Once the plaintiff establishes his *prima facie case,* the burden then shifts to the defendant, who must establish by a preponderance of the evidence, that he would have taken the same action regardless of the plaintiff's political beliefs. *Padilla–Garcia,* 212 F.3d at 74. In addition to articulating a nondiscriminatory ground for the adverse employment action, the defendant bears the burden of proving that the he would have taken the adverse employment action regardless of plaintiffs' political affiliation. *Acevedo–Diaz,* 1 F.3d at 66.

In the case at bar, plaintiffs have completely relied on defendants' statement of facts. As such, they necessarily fail to adduce sufficient facts to establish their *prima facie case* or create a triable issue in dispute. The burden is on plaintiff to set forth specific "non-conclusory factual allegations that establish that defendant acted based upon an improper motive." *Cruz–Baez v. Negron–Irizarry,* 220 F.Supp.2d 77, 80 (D.P.R.2002) (*citing Judge v. City of Lowell,* 160 F.3d 67, 74 (1st Cir.1998)). None of the plaintiffs have filed a proper 311.12 statement of facts to support their political discrimination claim. The record on its face is insufficient to overcome plaintiffs' burden in establishing their *prima facie case* or establish that defendants had an improper motive in not renewing plaintiffs' contracts. The facts, on the contrary, reveal that plaintiffs' positions were transitory in nature and could be terminated at the will of the employer.

To meet their *prima facie case,* plaintiffs would need to demonstrate that they were affiliated to the NPP and that the defendants selectively chose them because of their political affiliation for non-renewal. Without a proper 311.12 statement, plaintiffs simply cannot meet this burden. The court cannot singlehandedly make inferences in favor of plaintiffs, when they have failed to even point the court to depositions excerpts or other evidence in the record satisfying the basic elements of a *prima facie case* of political discrimination.

The court must accordingly dismiss the Law 52 plaintiffs' claims.

## B. Ana E. Figueroa–Rodriguez

The admitted facts reveal that Figueroa was assigned to the position of Director of Child Care Development, a trust position with the municipality (See Docket No. 143,¶ 62 and Docket No. 150, ¶ 62 & 63). Plaintiffs have failed to contest this fact by presenting facts for the court to evaluate whether in fact Figueroa's duties were such that political affiliation was an appropriate job requirement for the position or to otherwise explain her contention that the position was a permanent rather than a trust position. Plaintiffs simply state that they disagree that Figueroa's was a trust position "because in the context of a political discrimination case such a statement constitutes a conclusion of law rather than a statement of fact. Fact in that context are rather the official duties of the employee from which it is for the Court to determine whether the position is one for which political affiliation is an appropriate requirement." Plaintiffs, however, fail to assert that the position of Director of Child Care Development was a career position or otherwise present any evidence for the court to evaluate the duties performed by Figueroa.

Moreover, Figueroa admitted to never having met defendants Roman Abreu or Norat, nor was she able to pinpoint specific instances which would raise the inference of improper motive in her dismissal. Accordingly, the Court hereby dismisses the claims by Figueroa.

## C. Claims against Juan Norat

■ Defendants allege that the claims against Juan Norat must be dismissed because without exception, all the Law 52 plaintiffs state in their depositions that they did not know Norat, and that they had no reason to believe that he was aware of their political affiliation or was involved in the decision not to renew their Law 52 contracts. Accordingly, the Law 52 plain-tiffs and Figueroa, have failed to state a claim with respect to defendant Norat. As a prerequisite to § 1983 liability, plaintiffs would have to allege Norat's personal involvement in the alleged deprivation of their rights, which they have failed to do. *Adorno Colon v. Toledo Davila*, 137 F.Supp.2d 39, 42 (D.P.R.2001); *Gutierrez–Rodriguez v. Cartagena*, 882 F.2d 553, 559 (1st Cir.1989). Accordingly, all claims by the Law 52 plaintiffs against Norat are summarily dismissed.

## CONCLUSION

For the reasons set forth above, defendants' Motion for Partial Summary Judgement is GRANTED (Docket No. 143) in its entirety. Partial judgment shall enter accordingly.

IT IS SO ORDERED.