# United States Court of Appeals
## For the First Circuit

No. 03-2246

JORGE MERCADO-ALICEA; ANGEL NAZARIO,

Plaintiffs, Appellants,

THE DE FACTO TOURISM EMPLOYEES ASSOCIATION OF POLITICALLY
DISCRIMINATED EMPLOYEES,

Plaintiff,

v.

P.R. TOURISM COMPANY; MILTON SEGARRA, EXECUTIVE DIRECTOR
OF P.R. TOURISM; GUILLERMO CABRET; NELSON CARDONA-MUÑIZ;
JOSE F. FAZ; MARIANO MÉNDEZ-SALCEDO; WILLIAM MÉNDEZ;
ANABEL JAIME,

Defendants, Appellees,

JOSÉ REYES; JOSÉ T. RIVERA; JOHN DOES,

Defendants.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO
[Hon. Jay A. García-Gregory, U.S. District Judge]

---

Before
Boudin, Chief Judge,
Torruella, Circuit Judge,
and Fusté,* District Judge.

---

Francisco R. González with whom F.R. Gonzalez Law Office was
on brief for appellants.
Laura Beléndez-Ferrero with whom Ineabelle Santiago-Camacho
and Reichard & Escalera were on brief for appellee Puerto Rico
Tourism.

---

*Of the District of Puerto Rico, sitting by designation.

          Irene  S.  Soroeta-Kodesh,  Assistant  Solicitor  General,
Department of Justice, Commonwealth of Puerto Rico, for appellee
Jaime etc.

―――――――――――

January 27, 2005

―――――――――――

**FUSTE**, <u>District Judge</u>.  Jorge Mercado ("Mercado") and Angel Nazario ("Nazario") brought an action against defendants, the Puerto Rico Tourism Company ("PRTC"), Milton Segarra, Nelson Cardona, José Faz, Mariano Méndez ("M. Méndez"), William Méndez, and Anabel Jaime, pursuant to 42 U.S.C. § 1983 (2003).  Plaintiffs complained that they were terminated and constructively discharged because of their political affiliation.  The district court granted summary judgment for defendants upon finding that the plaintiffs had failed to comply with Local Rule 311.12.  The plaintiffs filed this appeal, challenging whether the district court (1) properly deemed as admitted defendants' statement of uncontested facts; and (2) properly concluded that defendants had not violated Mercado's and Nazario's due process and First Amendment rights.  We affirm.

**I.**

**<u>Statement of Facts</u>**

**A.   <u>Mercado</u>**

Mercado worked as the Gaming Official Supervisor, a career position, at the PRTC since 1996.  His duties included, inter alia, visiting casinos to ensure compliance with the Games of Chance Statute.

On or about December 1999, Mercado visited the Hotel Ambassador Plaza with a check made to the order of the New Progressive Party ("NPP") for the amount of one thousand dollars ($1,000).  The check bore the name Carlos Pesquera on the lower

left-hand side.  On the reverse of the check, Mercado wrote the name of a bank, his name "Georgie Mercado" and the word "tourism." M. Méndez, the Ambassador Hotel's Cage and Collection Manager, cashed the check.

On February 16, 2001, Mercado requested treatment at the State Insurance Fund.  He thereafter requested medical leave and license without pay from August 23, 2001, until October 31, 2001. Mercado returned to work on November 1, 2001.  On June 27, 2002, Mercado was dismissed for violations of Section 12-3 of the PRTC Human Resources Regulations, which prohibit, in relevant part:

> (3)   Availing yourself of your job's duties and powers, property or public funds to directly or indirectly benefit from the same, for family member or any other person, business or entity, to gain advantages, benefits or privileges not allowed by the law.
> (5) Accepting or soliciting from anyone, either directly or indirectly for any member of your family unit, or any other person, business or entity, asset of any financial value, including gifts, loans, promises, favors or services, in exchange of an action by said official or public employee, being influenced to favor that or any other person.
> (16) Using your official position for political ends - partisan or for other ends that are not compatible with public service.
> (17) Perform duties or tasks that result in a conflict of interest with your obligations as a public employee.
> (18)  Conduct that is improper or is against duties, which taint the good name of the [PRTC] or of the Government of Puerto Rico.

Alicea v. Puerto Rico Tourism Co., 270 F. Supp. 2d 243, 248 (D.P.R. 2003).

Mercado's letter of dismissal also stated that his conduct constituted a violation of the PRTC's Discipline Manual, which enumerates the following as violations of the same:

> (22) Conduct yourself in such a way that taints the good name of the Company, either during or out of regular work hours as a public employee.
> (61) Performing services or financial relationships with individuals or entities who are considered to be a conflict of interest with your duties as a public employee.
> (62) Performing tasks, activities or duties that entail conflicts of interest against your duties as a public employee.
> (66) Embezzlement or undue use of funds, assets or services of the [PRTC].

Id.

The letter additionally stated that Mercado could appeal the decision before the Office of the Examiner of the PRTC within fifteen days, but Mercado failed to do so.

Mercado did not avail himself of several opportunities to appeal his dismissal in an administrative hearing.

## B. Nazario

Nazario started working at the PRTC on August 4, 1999, as Director of Information Systems, a Career Civil Service position. On April 14, 2000, former governor Pedro Rosselló issued Executive Order OE-2000-19, which established that Directors of Computer Information Systems at government agencies should be designated by the nominating authority and that such a position would be a trust

position.[1]  On February 20, 2001, the PRTC named Daniela González ("González") as Principal Officer of Information Systems.  Nazario was ordered to report to González.  On March 9, 2002, Nazario requested and received a transfer with a pay increase to the Municipality of San Juan, effective April 15, 2001.

## II.

## Analysis

The plaintiffs now challenge the district court's entry of summary judgment on their due process and political discrimination claims.  The plaintiffs argue that the district court erred in concluding that they had failed to comply with Local Rule 311.12, which requires that they file their own statement of facts when opposing a summary judgment motion.  Plaintiffs also argue that the district court improperly dismissed their first amendment and due process claims on the merits.

In reviewing the application of Local Rule 311.12, we recognize that "[d]istrict courts enjoy broad latitude in administering local rules." Air Line Pilots Assoc. v. Precision Valley Aviation, Inc., 26 F.3d 220, 224 (1st Cir. 1994).  We review a court's granting of summary judgment de novo. Euromodas, Inc. v. Zanella, Ltd., 368 F.3d 11, 16 (1st Cir. 2004); Podiatrist Ass'n, Inc. v. La Cruz Azul de P.R., Inc., 332 F.3d 6, 13 (1st Cir. 2003).

---

[1]Trust employees may be discharged at will and without cause. See Correa Martínez v. Arrillaga Beléndez, 903 F.2d 49, 52 n.2 (1st Cir. 1990).

## A.    Local Rule 311.12

According to Local Rule 311.12, a party who moves for summary judgment must submit "a separate, short, and concise statement of the material facts as to which the moving party contends there is no genuine issue to be tried and the basis of such contention as to each material fact." D.P.R.R. 311.12.[2]  The opposing party must then file a statement "of the material facts as to which it is contended that there exists a genuine issue to be tried."  Id.  Failure to file such a statement will result in the court deeming admitted the movant's statement.  Id. (movant's statement will be "deemed admitted unless controverted by the statement required to be served by the opposing party.").

As we have previously declared, "[w]e have consistently upheld the enforcement of [the District Court of Puerto Rico's local rule], noting repeatedly that 'parties ignore [it] at their peril' and that 'failure to present a statement of disputed facts, embroidered with specific citations to the record, justifies the court's deeming the facts presented in the movant's statement of undisputed facts admitted.'"  Cosme-Rosado v. Serrano-Rodríguez, 360 F.3d 42, 45 (1st Cir. 2004) (quoting Ruiz Rivera v. Riley, 209 F.3d 24, 28 (1st Cir. 2000)).

---

[2]The District of Puerto Rico amended its local rules in September of 2003.  Because the summary judgment motions in this case were adjudicated prior thereto, we refer throughout to the pre-amended version.

The plaintiffs argue that the district court erred when it deemed defendant's facts admitted because of plaintiffs' failure to comply with Local Rule 311.12. Plaintiffs argue that defendants themselves failed to refer to the record in their statement of facts.

The district court correctly ascertained that the plaintiffs' statement of facts failed to adhere to Local Rule 311.12. Instead of filing a statement of contested facts, plaintiffs filed their own uncontested facts lacking any references to the record that might aid the court in making its decision. Plaintiffs also filed "Commentaries to Defendants' Uncontested Facts," in which plaintiffs make reference to testimonies that are not in evidence. Plaintiffs further made numerous conclusory allegations and assertions of fact for which they offered no support. District courts are not required to ferret through sloppy records in search of evidence supporting a party's case. See Morales v. A.C. Orssleff's EFTF, 246 F.3d 32, 35 (1st Cir. 2001) ("[I]n his submission to the district court, plaintiff made only a general reference to [a witness's] testimony without pinpointing where in that 89-page deposition support for that reference could be found. This is precisely the situation that Local Rule 311.12 seeks to avoid."). Additionally, contrary to plaintiffs' allegations, defendants' statement of facts contained references to the record, making plaintiffs' argument devoid of any merit.

Therefore, the facts pleaded by defendants were properly deemed admitted according with Local Rule 311.12. See D.P.R.R. 311.12.

## B. __First Amendment__

The First Amendment protects non-policymaking public employees from adverse employment actions based on their political opinions. See Padilla-García v. Guillermo Rodríguez, 212 F.3d 69, 74 (1st Cir. 2000); see also Rutan v. Republican Party of Ill., 497 U.S. 62, 75-76 (1990). We employ a two-part, burden-shifting analysis to evaluate claims of political discrimination. See Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977); Padilla-García, 212 F.3d at 74. To establish a prima-facie case, a plaintiff must show that party affiliation was a substantial or motivating factor behind a challenged employment action. See Padilla-García, 212 F.3d at 74. "[A] plaintiff may not prevail simply by asserting an inequity and tacking on the self-serving conclusion that the defendant was motivated by a discriminatory animus." Correa-Martínez v. Arrillaga-Beléndez, 903 F.2d 49, 53 (1st Cir. 1990). Assuming proof of unlawful discrimination, the burden then shifts to the defendant, who must establish, by a preponderance of the evidence, that he would have taken the same action regardless of the plaintiff's political beliefs. Id.; see Vázquez-Valentín v. Santiago-Díaz, 385 F.3d 23, 30 (1st Cir. 2004).

In other words, an employer "still prevails by showing that it would have reached the same decision in the absence of the protected conduct." Id. (citing Crawford-El v. Britton, 523 U.S. 574, 593 (1998)). Thus, "even if a plaintiff meets his or her initial burden of showing that political affiliation was a motivating factor for an employment decision, that is insufficient to establish discrimination as a matter of law because the plaintiff's case at that point does not 'distinguish[ ] between a result caused by a constitutional violation and one not so caused.'" Id. (citing Mt. Healthy, 429 U.S. at 286). We have noted that adopting "a view of causation that focuses solely on whether protected conduct played a part in an employment decision . . . would put an 'employee in a better position as a result of the exercise of constitutionally protected conduct than he would have occupied [otherwise].'" Id. (quoting Mt. Healthy, 429 U.S. at 285). "However, if a plaintiff does not produce evidence sufficient to allow a reasonable inference that political discrimination was a substantial or motivating factor in the challenged employment action, we need not analyze defendant's Mt. Healthy defense." Vázquez-Valentín, 358 F.3d at 30.

We now review Mercado's and Nazario's claims.

### 1. Jorge Mercado

Mercado argues that the district court erred when it dismissed his claim because it was uncontested that his supervisors

were aware that he was a member of the opposite political party. "[S]tatements of political affiliation--unaccompanied by any specific factual information to support [the] claim and unrelated to any employment action taken by [defendant] against [plaintiff]-[are] patently insufficient to establish an act of political discrimination." López Carrasquillo v. Rubianes, 230 F.3d 409, 414 (1st Cir. 2000). Here, there is no evidence on the record showing that Mercado's dismissal was the result of his political affiliation. Instead, the evidence suggests that Mercado was dismissed for cashing a check made out to a third party, in violation of the PRTC Human Resources Regulations.

Although the record indicates that Mercado was an NPP member, Mercado failed to proffer evidence of any specific discriminatory conduct which proves that his political patronage was a substantial or motivating factor in the alleged adverse employment decisions taken against him. Failure to proffer such evidence warranted dismissal of his First Amendment claim. See Vázquez-Valentín, 385 F.3d at 38 (stating that "[e]ven if a jury could reasonably infer that defendants knew that plaintiff was a member of the NPP, that still is insufficient. Proving that her political affiliation was a substantial or motivating factor in the adverse decision requires more than '[m]erely juxtaposing a protected characteristic-someone else's politics-with the fact that the plaintiff was treated unfairly.'") (quoting Correa-Martínez,

-11-

903 F.2d at 58).  Thus, the district court correctly dismissed Mercado's First Amendment claim.

## 2.  **Angel Nazario**

In order to show adverse employment action, a prerequisite to his political discrimination claim, Nazario must prove that he was constructively discharged as a result of González' appointment as Principal Officer of Information Systems, and the resulting changes to Nazario's duties.  To prove that he was constructively discharged, a plaintiff must show that the new "working conditions imposed by the employer had become so onerous, abusive, or unpleasant that a reasonable person in the employee's position would have felt compelled to resign."  Suarez v. Pueblo Intern., Inc., 229 F.3d 49, 54 (1st Cir. 2000); see also Aviles-Martínez, 963 F.3d at 6 (citing Calhoun v. Acme Cleveland Corp., 798 F.2d 559, 561 (1st Cir. 1986)).

Nazario argued that requiring him to respond to a new supervisor made him feel humiliated, and that defendants' actions constituted an attempt to force him out of the PRTC because of his political affiliation.  Such conclusory allegations are insufficient to establish the prima facie case of constructive discharge.  To show that the work conditions forced him to resign, a plaintiff must show that "the employer's challenged actions result in a work situation 'unreasonably inferior' to the norm for the position." Agosto-de-Feliciano v. Aponte-Roque, 889 F.2d 1209,

1218 (1st Cir. 1989); see also Vega v. Kodak Caribbean, Ltd., 3 F.3d 476, 480 (1st Cir. 1993) (constructive discharge occurs when "working conditions [are] so intolerable[ ] that a reasonable person would feel compelled to forsake his job rather than to submit to looming indignities"). Further, Nazario fails to proffer any evidence suggesting that the new work conditions were inferior to the norm or that requiring him to respond to a superior was a result of political animus. We, therefore, conclude that the district court properly dismissed Nazario's First Amendment claim.

## C.   **Due Process**

The Due Process Clause of the Fourteenth Amendment guarantees public employees who have a property interest in continued employment the right to at least an informal hearing before they are discharged. González-De-Blasini v. Family Dept., 377 F.3d 81, 86 (1st Cir. 2004); Santana v. Calderón, 342 F.3d 18, 23 (1st Cir. 2003); Kauffman v. P.R. Tel. Co., 841 F.2d 1169, 1173 (1st Cir. 1988); Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 538 (1985). In order to establish a procedural due process claim under § 1983, "Plaintiffs must allege they have a property interest as defined by state law and, second, that the defendants, acting under color of state law, deprived [them] of that property interest without constitutionally adequate process." PFZ Props., Inc. v. Rodríguez, 928 F.2d 28, 30 (1st Cir. 1991); see Logan v. Zimmerman Brush Co., 455 U.S. 422, 428 (1982). "Under Puerto Rico

law, career employees have a property interest in their continued employment." González-De-Blasini, 377 F.3d at 86; Kaufman v. P.R. Tel. Co., 841 F.2d 1169, (1st Cir. 1989); 3 L.P.R.A. § 1336(4); 21 L.P.R.A. § 4560.

### 1. Jorge Mercado

As a career employee, Mercado had a property interest in his position, which vested him with a pre-termination hearing prior to dismissal. Loudermill, 470 U.S. 532, 546; see also O'Neill v. Baker, 210 F.3d 41, 48 (1st Cir. 2000). The record here indicates that defendants granted Mercado a due process hearing, but he failed to attend. Defendants rescheduled the hearing several times, but Mercado repeatedly failed to appear. Defendants then allowed Mercado to object to the dismissal in writing. Mercado seemed to argue that his due process rights were violated when the hearing was cancelled after he failed to appear on three separate occasions.

The district court correctly found that defendants did not violate Mercado's due process rights when his inability to present his side of the story was due to his failure to participate.

### 2. Angel Nazario

As we previously explained, Nazario voluntarily quit his career position at PRTC when he requested a transfer to the Municipality of San Juan. Thus, as the district court stated,

-14-

Nazario voluntarily gave up his property interest in his career position and does not have a due process right to a hearing.

For the reasons set forth above, the district court's judgment is **affirmed**.