José **ORTIZ–MARTINEZ,**
et al., **Plaintiffs,**

v.

**HYUNDAI MOTOR COMPANY,**
**Defendant.**

**Civil No. 07–1748 (FAB).**

United States District Court,
D. Puerto Rico.

March 3, 2009.

Luis R. Rivera–Rodriguez, Luis Rafael Rivera Law Office, Michelle Annet Ramos–Jimenez, Rivera Law Office, Nicolas Nogueras–Cartagena, Nicolas Nogueras Law Offices, San Juan, PR, for Plaintiffs.

Keith A. Graffam, Graffam & Biaggi, San Juan, PR, PHV Brian P. Crosby, Gibson, McAskill & Crosby, LLP, Buffalo, NY, for Defendant.

## MEMORANDUM AND ORDER

BESOSA, District Judge.

This case comes before the Court on Magistrate Judge Marcos E. Lopez's report and recommendation regarding the defendant's motion for summary judgment.

## I. Procedural Background

On January 2, 2009, Hyundai Motor Company ("Hyundai") moved for summary judgment claiming that plaintiffs could not establish a viable products liability claim without an expert witness (Docket No. 60). On February 3, 2009, plaintiffs filed their opposition to the summary judgment motion (Docket No. 68). On February 6, 2009, United States Magistrate Judge Marcos E. Lopez issued a report and recommendation (Docket No. 71), recommending that the defendants' motion for summary judgment be *denied.* Hyundai filed its objection to the report and recommendation on February 17, 2009 (Docket No. 79). For the following reasons, the *Court now adopts* the report and recommendation in full.

## II. Standard of Review for a Magistrate Judge's Report and Recommendation

A district court may refer pending dispositive motions to a magistrate judge for a report and recommendation. *See* 28 U.S.C. § 636(b)(1)(B); Fed.R.Civ.P. 72(b); L.Civ.R. 72(a). Any party may file written objections to the report and recommendation within ten days of being served with the magistrate judge's report. *See* 28 U.S.C. § 636(b)(1). The party that files a timely objection is entitled to a *de novo* determination of "those portions of the report or specified proposed findings or recommendations to which specific objection is made." *Id.; see also, Sylva v. Culebra Dive Shop,* 389 F.Supp.2d 189, 191–92 (D.P.R.2005) (*citing United States v. Raddatz,* 447 U.S. 667, 673, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980)). Failure to comply with this rule waives each party's right to review in the district court. *See Davet v. Maccarone,* 973 F.2d 22, 30–31 (1st Cir.1992); *Templeman v. Chris Craft Corp.,* 770 F.2d 245, 247 (1st Cir.1985), *cert. denied,* 474 U.S. 1021, 106 S.Ct. 571, 88 L.Ed.2d 556 (1985); *Alamo Rodriguez v. Pfizer Pharmaceuticals, Inc.,* 286 F.Supp.2d 144, 146 (D.P.R.2003). In conducting its review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

## III. Discussion

After reviewing the report and recommendation issued by the magistrate judge and the objection filed to it by Hyundai, the Court finds that only one issue needs to be addressed. That issue is whether the magistrate judge properly relied on a particular case in recommending that Hyundai's motion for summary judgment be denied.

Hyundai's summary judgment motion presented a single issue for the Court's determination—whether plaintiffs can establish a viable products liability claim under Puerto Rico law without expert testimony. Relying on *Quintana–Ruiz v. Hyundai Motor Corp.,* 303 F.3d 62, 76–77 (1st Cir.2002), which held that the jury's verdict in a plaintiffs liability case could not be based solely on the jury's rejection of expert testimony, Hyundai argued that the plaintiff in this case must present expert testimony to establish a claim of products liability.

The magistrate judge found that, although *Quintana* does state that a jury in a case involving complex litigation cannot substitute its own experience for expert testimony, *Quintana* "must be viewed, [however], in the context of its larger holding that a jury's verdict in a products liability claim cannot be 'based solely on [its] rejection of the other side's uncontradicted testimony'." (*Report and Recommendation*, Docket No. 71, quoting *Quintana*, 303 F.3d at 76) The magistrate judge also found that *Quintana* addresses the *qualitative* sufficiency of evidence rather than the *type* of evidence in a products liability claim that forms the basis for a jury's verdict. Thus the magistrate judge concluded that *Quintana* "does not require a plaintiff to marshal expert testimony in order to present a Puerto Rico law products liability claims at trial." *Id.*

The magistrate judge then pointed out that in *Perez–Trujillo v. Volvo Car Corp. (Sweden)*, 137 F.3d 50, 55 (1st Cir.1998) "the First Circuit [Court of Appeals] stated with regard to Puerto Rico law on products liability, jurisdictions which model their decisional law along Restatement lines uniformly hold that a strict liability claimant may demonstrate an unsafe defect through direct eyewitness observation of a product malfunction, and need not adduce expert testimony to overcome a motion for summary judgment." *Id.* (citing *Perez–Trujillo*, 137 F.3d at 55)(internal citations, emphasis and omissions omitted). Based on his analysis of prior First Circuit Court of Appeals case law regarding the treatment of evidence arising in product liability cases in Puerto Rico, the magistrate judge ultimately determined that the plaintiffs in this case could overcome Hyundai's summary judgment motion without offering an expert witness.

Hyundai disagrees with the magistrate judge's conclusion that the plaintiffs can establish a claim of product liability without an expert witness's testimony on the grounds that the magistrate judge inappropriately applied *Perez–Trujillo* to this case. Hyundai contends that *Perez–Trujillo* is distinguishable from this case in two respects. (Docket No. 79 at 5)

First, Hyundai points out that the plaintiff in *Perez–Trujillo* alleged premature airbag deployment *prior* to the collision of the vehicle in question. Although the defendant in *Perez–Trujillo* agreed that proof of an airbag's deployment prior to collision would have established an unsafe defect, the defendant still contested the credibility of the testimony given by a witness claiming to have seen the airbag's deployment prior to collision. The issue of credibility was therefore sent to the jury.

Hyundai argues that the facts are different in this case because Hyundai "does not agree that the air bag deployment at issue would establish the requisite unsafe defect" and "plaintiffs have not, and cannot, submit competent lay or expert evidence to refute that the air bag performed as designed ...". *Id.* (internal citations omitted) Hyundai maintains that "the lay witnesses who plaintiffs must now rely upon can only attest to the fact that the airbag deployed *after* impact with a concrete wall, a statement that is *not contested*." *Id.* (emphasis added)

The problem with Hyundai's attempt to distinguish this case from *Perez–Trujillo*— because in this case, unlike in *Perez–Trujillo*, it is *undisputed* that the airbag was deployed after the vehicle struck a cement wall—is that there is no indication that the timing of the airbag's deployment actually is undisputed. Hyundai supports its assertion that there is no dispute between the parties regarding the timing of the airbag's deployment after the vehicle's impact with a cement wall by pointing to both its own Statement of Uncontested

Facts and the plaintiffs' Statement of Contested Facts.[1] The Court examined these documents and is unpersuaded that they support Hyundai's conclusion that there is no contest between the parties about when the airbag deployed. The referenced sections of Hyundai's own statement of uncontested facts state (Docket No. 60, Attachment 1,[2] Nos. 2 and 3):

> 2. The accident occurred when a 2005 Hyundai Tiburon motor vehicle struck the stationary cement wall of the McDonald's establishment while driven by an unlicensed driver, who is not a party to the present proceedings.
>
> 3. As a result of the frontal impact against the cement wall, the supplemental restraint system (SRS) of airbags of the Hyundai motor vehicle deployed.

*Id.* (Internal citations omitted)

Hyundai then refers to the following sections of the plaintiffs' statement of contested facts (Docket No. 69, Nos. 2 and 3):

> 2. Plaintiffs deny the fact in the manner that is stated. Plaintiffs admit that while Karla Ramírez was in the process of parking the vehicle at approximately 7 miles per hour in the area designated for handicap individuals to wait for some french fries, the front of the vehicle struck the side of the McDonald's building at that same low speed.
>
> 3. Plaintiffs admit that the airbag of the Hyundai motor vehicle deployed at low speed.

*Id.* (internal citations omitted).

The Court need not go further on this point. Hyundai's assertion that no dispute exists regarding the timing of the airbag's deployment is simply not supported by the statements to which it refers the Court. Hyundai's statement of facts contends that the accident occurred when the motor vehicle struck the wall and that, as a result of the frontal impact, the airbag deployed. Plaintiffs' opposing statement of facts states that the car was being parked at seven (7) miles per hour when the vehicle struck the side of a building and that the "airbag of the Hyundai motor vehicle deployed at low speed." The plaintiffs have in no way agreed with defendant Hyundai that the airbag deployed *after* the collusion. Plaintiffs have merely stated that the airbag was deployed while the car was moving at a low speed. Hyundai's attempt to distinguish *Perez–Trujillo* from the instant case on grounds that the parties here have agreed on a critical fact, fails.

Hyundai also argues that the magistrate judge erred in applying *Perez–Trujillo* because of another critical difference between this case and the cited case. The defendant in *Perez–Trujillo* agreed in theory that if an air bag deployed prior to a collision, that fact would establish the existence of an unsafe defect as required to show liability. In *Perez–Trujillo,* the ultimate dispute thus centered on the credibility of lay witness testimony about the timing of the airbag's deployment. The defendant here, Hyundai, *does not agree* that such a pre-collusion deployment would show liability. Most importantly, Hyundai asserts that "the lay witnesses who plaintiffs must now rely upon can only attest to the fact that the air bag deployed after impact with a concrete wall, a statement that is not contested." (*Objections to Report and Recommendation,* Docket No. 79) In other word, the critical difference pointed to here is that no lay testimo-

---

1. The Court could not help but observe that the adjective describing plaintiffs' statement of facts is "contested"—hardly supporting Hyundai's contention that no dispute exists as

to the fact Hyundai plans to quote from that particular document.

2. Improperly labeled as Attachment 2 by the party.

ny even exists in this case to raise the triable issue of fact established by lay testimony in *Perez–Trujillo*.

Once again, the support for Hyundai's assertion that plaintiffs can submit no lay witness testimony attesting to the timing of deployment does not say what Hyundai indicates: Hyundai asks the Court to look at the proposed pretrial order, at page 15 at paragraphs A(4) and B(2). Paragraph A(4) is included as part of the plaintiffs' "admitted facts" in the pretrial order, and reads as follows:

A(4): The front of the vehicle struck the side of the McDonald's building.

*Id.*

Paragraph A(4) is included as part of the defendant's "admitted facts" in the pretrial order, and reads as follows:

The accident occurred when a 2004 Hyundai Tiburon motor vehicle was driven into a cement block wall of the McDonald's establishment while being operated by an impaired unlicensed driver, who is not a party to the present proceedings.

*Id.*

Again, the Court need go no further because, again, Hyundai cites materials that simply do not stand for the preposition stated. The quoted paragraphs do not indicate whatsoever who or how many lay witnesses plaintiffs may or may not testify at trial, nor do the paragraphs indicate whether witnesses will or will not be able to attest to the timing of the air bag's deployment. Again, the cited statements do not indicate any agreement among the parties regarding the timing of the airbag's deployment as proffered to the Court in Hyundai's objection to the report and recommendation.

It greatly disturbs the Court that Hyundai has twice referred the Court to material that does not support the statement

Hyundai says it will support. It is common knowledge that district courts are not required to ferret through records in search for evidence in support of a party's case, *Mercado–Alicea v. P.R. Tourism Co.*, 396 F.3d 46, 51 (1st Cir.2005). Further, it is not the role of this Court to assess the factual record already adduced by the magistrate judge unless contested specifically. Hyundai does not contest the factual record relied upon by the magistrate judge when forming his recommendation to deny summary judgment, and this Court therefore has no need to disturb that record.

Neither does Hyundai contest the magistrate judge's interpretation of the holding in *Perez–Trujillo*, which rightfully controls the decision of this Court: that under Puerto Rico Law, expert testimony does not necessarily trump non-expert evidence at the summary judgment stage. Hyundai merely objects to the application of that holding to this case due to the two distinctions discussed above. Even were those distinctions to be valid, which they are not, the magistrate judge's central finding remains controlling here. Expert testimony is not required to prove that the vehicle involved in the accident "differs from the manufacturer's intended result or from other ostensibly identical units of the same product." *Perez–Trujillo*, 137 F.3d at 53. (internal citations omitted) Whether plaintiffs have lay testimony sufficiently credible to support the conclusion that a product defect caused the airbag's deployment is clearly something for the jury to decide; if no lay evidence exists to support that conclusion, then Hyundai will prevail.

**Conclusion**

Accordingly, defendants' objection is deemed unconvincing, and the Court adopts in full the magistrate judge's report and recommendation to allow plaintiffs' case to proceed to trial without an expert

witness. Hyundai's motion for summary judgment is **DENIED.**

**IT IS SO ORDERED.**

### REPORT AND RECOMMENDATION

MARCOS E. LÓPEZ, United States Magistrate Judge.

### I. FACTUAL AND PROCEDURAL BACKGROUND.

On August 20, 2007, plaintiffs, José Ortíz Martínez ("Ortíz") and Carol Rivera García ("Rivera"), filed a complaint alleging claims of products liability and negligence pursuant to Article 1802 of the Puerto Rico Civil Code, P.R. LAWS ANN., tit. 31, §§ 5141, against defendants, Hyundai Motor Company ("Hyundai") and Hyundai Motor America ("Hyundai America"). On December 14, 2007, Hyundai America filed a motion to dismiss for lack of personal jurisdiction. (Docket 4.) On May 27, 2008, the Court adopted a report and recommendation in which the undersigned concluded that Hyundai America's motion to dismiss should be granted. (Docket 36.) At the time the report and recommendation was filed, the undersigned also ordered that plaintiffs announce any and all experts they intended to use by July 15, 2008. (Docket 34.) Plaintiff's initially announced Dr. Rick Galdos ("Galdos") as an expert witness, but filed a motion for extension of time on July 16, 2008 to announce another expert witness when Galdos informed plaintiffs that he could no longer provide his services. (Docket 46.) On July 25, 2008, the undersigned granted an extension of time until August 5, 2008 to announce a new expert witness. (Docket 49.) On September 29, 2009, the undersigned granted a further extension of time until October 30, 2008, to announce plaintiffs' expert witness. (Docket 55.) On November 5, 2008, Hyundai filed a motion to strike any expert witness plaintiff's may announce due to their noncompliance with the undersigned's deadlines for announcing expert witnesses. (Docket 58 at 3.) The undersigned granted Hyundai's motion to strike on November 22, 2008. (Docket 59.) On January 2, 2009, Hyundai filed a motion for summary judgment claiming that plaintiffs could not establish a viable products liability claim without an expert witness as a matter of law. (Docket 60 ¶¶ 1–2.) On February 3, 2009, plaintiffs filed an opposition to the motion for summary judgment in which they did not address the issue of whether an expert witness was necessary to pursue a claim of products liability. (*See* Docket 68.)

### II. LEGAL ANALYSIS

The only issue presented in Hyundai's motion for summary judgment is whether plaintiffs can establish a viable products liability claim under Puerto Rico law without expert testimony. (*See* Docket 60.) Hyundai points to *Quintana–Ruiz v. Hyundai Motor Corp.,* 303 F.3d 62, 76–77 (1st Cir.2002), which held that a jury relied on insufficient evidence where it delivered a verdict for a car passenger on a products liability claim based solely on its rejection of the expert testimony proffered by the car manufacturer. Hyundai argues that *Quintana* necessitates plaintiff's use of expert testimony to establish a claim of products liability. *(See* Docket 60–3 at 3–4.) *Quintana* does state that "[a] jury in [a case involving complex technical matters] must rely on expert testimony and cannot substitute its own experience." *Quintana,* 303 F.3d at 77. *Quintana* must be viewed, however, in the context of its larger holding that a jury's verdict in a products liability claim cannot be "based solely on [its] rejection of the other side's uncontradicted testimony." *Id.* at 76. It is clear that *Quintana* addresses the qualitative sufficiency of evidence to support a jury's verdict in a products liability claim, not the type of evidence a plaintiff must proffer to

move beyond the summary judgment stage to trial. *See id.* at 76–77. Thus, *Quintana* does not require a plaintiff to marshal expert testimony in order to present a Puerto Rico law products liability claim at trial. *See id.*

 In fact, the First Circuit stated with regard to Puerto Rico law on products liability, "[j]urisdictions which model their decisional law along Restatement lines *uniformly* hold that a strict liability claimant may demonstrate an unsafe defect through direct eyewitness observation of a product malfunction, and need not adduce expert testimony to overcome a motion for summary judgment." *Perez–Trujillo v. Volvo Car Corp. (Sweden)*, 137 F.3d 50, 55 (1st Cir.1998) (citing *Collazo–Santiago v. Toyota Motor Corp.*, 937 F.Supp. 134, 139 (D.P.R.1996)) (emphasis in original). The court held that, under Puerto Rico law, expert testimony does not necessarily outweigh "a strict liability claimant's circumstantial non-'expert' evidence at the summary judgment stage." *Id.* at 56. The court further stated that eyewitness testimony was competent evidence of an unsafe defect in a car's air bag system. *Id.* (citing *Sipes v. General Motors Corp.*, 946 S.W.2d 143, 154 (Tex.App. 1997)).

Defendant only argues in its motion for summary judgment that plaintiffs may not establish a viable products liability claim under Puerto Rico law without the aid of expert testimony. (*See* Docket 60–3 at 4.) Plaintiffs, however, may overcome a motion for summary judgment and proceed to trial without an expert witness. *See Perez–Trujillo*, 137 F.3d at 55–56. Therefore, it is recommended that Hyundai's motion for summary judgment (Docket 60) be DENIED.

IT IS SO RECOMMENDED.

The parties have ten (10) days to file any objections to this report and recommendation. Failure to file same within the specified time waives the right to appeal this order. *Henley Drilling Co. v. McGee*, 36 F.3d 143, 150–51 (1st Cir.1994); *United States v. Valencia*, 792 F.2d 4, 6–7 (1st Cir.1986).

In San Juan, Puerto Rico, this 6th day of February, 2009.